Opinion delivered May 31, 1875, by
Pershing, P. J.
By the third section of the Act of 21st March, 1849 (Purd. 287, pl. 30), it is provided that in the commencement of any suit or action against any foreign corporation, process may be served upon any officer, agent, or engineer of such corporation, either personally or by copy, or by leaving a certified copy at the office, depot, or usual place of business of said corporation ; and such service shall be good and valid in law to all intents and purposes. This was followed by the Act of 8th April, 1851, the sixth section of which is as follows : “In any case when any insurance company or other corporation shall have an agency, or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such insurance company or other corporation, in such county, and the original Avrit may be served upon the president, cashier, agent, chief, or any other clerk, or upon any directors or agents of such company or corporation, Avithin such county, and such service shall be good and valid in law to all intents and purposes.”
It was held by the Supreme Court, in Cochran v. Library Co., 6 Phila. R. 492, that the Act of 1851 is applicable alone to agents of foreign corporations. See opinion of Sharswood, J.
is admitted that the defendant in this case is a foreign corporation, not holding its charter under the laws of this Commonwealth. The sheriff returns that he served the Avrit “ on Wm. Spargo, agent of the Wheeler & Wilson Sewing Machine Company, by giving him at the office of said company, at Mahanoy *67 City, a true and attested copy of this writ, and making known to him the contents thereof.” In Kennard v. Railroad Co., 1 Phila. It. 41, which was an action against a foreign corporation, where the sheriff returned that he had served the agent of the defendant, the court refused to inquire into the question of agency, and held that if the return was false in fact, the remedy of the defendant was against the sheriff. The evidence taken by the defendant in the present case shows that Spargo was an agent, and that he sent to the principal office of the defendant, in Philadelphia, the copy of the writ served upon him in ample time to enable the company to take defence to the suit; and that notwithstanding this notice judgment was allowed to be taken by default. We must hold that there was a good service of the writ oil the defendant, and that the judgment cannot be set aside.
The case of Yeich v. Peterson & Carpenter, 2 Leg. Chron. 269, decided by this court, was relied on by the defendant as ruling the present application. That was not a suit against a corporation, but against persons residing in one county and doing business in another county. The service of this writ in such a case is governed by the Act of May 4, 1852, Purd. Dig. 43, pl. 7. There is nothing in the decision of that case in conflict with our conclusion in the case now before us. Each is controlled by a different statute, as well as distinguished from the other by a different state of facts.
And now, May 31, 1875, rule discharged.